CHARLES H. PARSONS, Plaintiff, *v.* BENANN HOLDING CORPORATION and Others, Defendants.

City Court of New York, March 8, 1927. On motion for reargument March 30, 1927.

Courts — City Court of New York — entry of judgment of Bronx County Court in county clerk's office on February 3, 1927, became effective under Laws of 1927, chap. 69, amending Laws of 1926, chap. 444, although said entry was improper under Constitution, art. 6, § 15, as amended, Civil Practice Act, § 67, subd. 5, as added by Laws of 1926, chap. 214, and Laws of 1926, chap. 444.

The entry on February 3, 1927, in the county clerk's office of Bronx county, of a judgment of the County Court of said county, signed on December 30, 1926, affecting real property, became effective and valid under chapter 69 of the Laws of 1927, amending chapter 444 of the Laws of 1926, although said judgment was improperly entered in the first instance, under section 15 of the judiciary article of the Constitution, as amended, which transferred to the City Court of the city of New York all civil actions or proceedings pending on the 1st day of January, 1927, in the County Courts of the counties of Kings, Bronx, Queens and Richmond, and under subdivision 5 of section 67 of the Civil Practice Act, as added by chapter 214 of the Laws of 1926, which transferred to the City Court all civil actions and proceedings pending in said County Courts, and under chapter 444 of the Laws of 1926, which provided for the transfer and delivery to the City Court of all papers in actions or proceedings at issue and undetermined in said County Courts.

MOTION by defendants to compel county clerk to cancel notice of lien.

*William G. Phlippean,* for the plaintiff.

*Harry Stackell,* for the defendant Benann Holding Corporation.

DONNELLY, J. The issues in this action were tried at a term of the County Court, Bronx county, on December 1 and 3, 1926. A judgment was signed by the trial judge on December 30, 1926. This judgment, among other things, declared invalid a certain lien

filed by plaintiff against property owned by the defendant corporation, and ordered the clerk of Bronx county to cancel said lien from his records.   On February 3, 1927, there was entered in the office of the clerk of Bronx county what purports to be the judgment roll herein.   This motion is by defendant to compel said county clerk to cancel the notice of lien in accordance with said judgment; his refusal to do so is based on his contention that said judgment did not identify said lien.

Section 15 of article 6 of the State Constitution, as amended November 3, 1925, provides: "All civil actions or proceedings pending on said first day of January in the County Courts of the counties of Kings, Bronx, Queens and Richmond, respectively, are hereby transferred to the City Court of the city of New York for hearing and determination at terms held within the counties in which the same shall be pending, and, for the purpose only of such hearing and determination and the enforcement of the judgments rendered thereon, said City Court shall have and exercise the equity jurisdiction previously vested in the respective County Courts from which such cases are so transferred, but not otherwise."

This amendment vests in this court the civil jurisdiction previously possessed by such County Courts over all actions and proceedings pending in said courts on January 1, 1927.   In construing the provision of the Constitution of 1846, that all suits and proceedings originally commenced and then pending in the Court of Common Pleas shall become vested in the Supreme Court, the Court of Appeals held in *Wegman* v. *Childs* (41 N. Y. 159) that such suits were pending so long as any judicial action may be therein required.

As the civil jurisdiction which such County Courts had up to January 1, 1927, was withdrawn by the Civil Practice Act, section 67, subdivision 5 (as amd. by Laws of 1926, chap. 214), such pending actions and proceedings were *transferred to* and became subject to the control of this court for the purposes and with the jurisdiction specified.   Therefore, such actions and proceedings having been transferred to this court, every paper thereafter required by law to be filed and entered therein shall be filed and entered with the clerk of this court.   This court may then in orderly procedure control such records and direct its clerk with relation thereto. That it is the intention of the Legislature that all records in procedural steps taken thereafter in such pending actions and proceedings shall be filed with the clerk of this court further appears from the provisions of Laws of 1926, chapter 444, which declare that the clerks of said County Courts " shall transfer and deliver all notes of issue and other filed papers in actions or proceedings

at issue and undetermined in said courts to the city court of the city of New York in their respective counties together with the transcript of the records of said county courts with relation to actions and proceedings pending therein." The so-called judgment was improperly entered in the county clerk's office.

The query propounded by counsel as to which appellate tribunal shall hear the appeal is not for determination by this court; it is for the appellate court to determine whether or not an appeal is properly before it.

Motion for an order directing the clerk of Bronx county to cancel the notice of lien in accordance with the said judgment entered on February 3, 1927, is denied. (See Lien Law, § 19, subd. 5, as added by Laws of 1920, chap. 373.)

## ON MOTION FOR REARGUMENT.

This is a motion by the above-named defendants to reargue a motion heretofore made herein to compel the county clerk of Bronx county to cancel the notice of lien in accordance with the judgment entered in this action on the 3d day of February, 1927. At the time the original motion was argued before me, to wit, February 21, 1927, chapter 69 of the Laws of 1927 had not been enacted. The act in question became a law March 2, 1927, and amends chapter 444 of the Laws of 1926, entitled " An act with relation to the transfer of all civil actions and proceedings pending on January first, nineteen hundred and twenty-seven, in the county courts of the counties of Kings, Bronx, Queens and Richmond to the city court of the city of New York," in relation to the filing of papers in actions affecting real property, as follows:

" § 2. The clerks of the county courts as aforesaid  *  *  * shall transfer and deliver all notes of issue and other filed papers in actions or proceedings at issue and undetermined in said courts to the city court of the city of New York in their respective counties together with the transcript of the records of said county courts with relation to actions and proceedings pending therein, excepting actions and proceedings affecting the title to real property and other special proceedings, in which actions and proceedings all judgments, orders and other papers therein shall continue to be filed or entered in the office of the county clerks of the respective counties and remain on file therein; *and the filing and entry of all judgments, orders and other papers in such actions or proceedings in the offices of the respective county clerks since January first, nineteen hundred and twenty-seven, is hereby legalized and confirmed and made effectual and valid.*" (Italics mine.)

It, therefore, seems to follow that, though the judgment in

question was improperly entered, nevertheless, because of the retroactive effect of the enabling clause of the statute above discussed, the entry of such judgment becomes proper and effective.

Motion for reargument granted, and upon such reargument the order entered herein on March 7, 1927, is vacated, and motion granted, and the decree entered herein shall be amended, so that it shall contain a description of the lien involved sufficient to identify it. Submit order.